CONSOLIDATION COAL COMPANY,
a corporation, Plaintiff,

v.

Lawrence W. BAILEY, individually and as the representative party of all other persons in the class similarly situate; the Township of Perry, Greene County, Pennsylvania; Herman R. Kiger, E. D. Lemley and L. Carl Phillips, as supervisors constituting the Board of Supervisors of said Perry Township; Estella John, as Tax Collector of said Perry Township; and Don Wilkinson, as Income Tax Administrator, for said Perry Township, Defendants.

Civ. A. No. 69–11–F.

United States District Court,
N. D. West Virginia, N. D.

Feb. 5, 1970.

Albert M. Morgan and Hale J. Posten, Morgantown, W. Va., for plaintiff.

Don J. Eddy, Morgantown, W. Va., for Lawrence W. Bailey, etc.

John I. Hook, Jr., Hook & Hook, Waynesburg, Pa., for Perry Tp., Herman R. Kiger, E. D. Lemley, L. Carl Phillips, Estella John and Don Wilkinson.

CHRISTIE, District Judge:

MEMORANDUM

By this action the plaintiff asks this Court to determine which one of two contesting parties defendants (Perry Township or a class of plaintiff's employees) is entitled to a fund of money that is now in its possession and control. The defendant, Perry Township, of Greene County, Pennsylvania, has moved the Court to dismiss the complaint and the action upon the ground that it fails to state a claim upon which relief can be granted and that, under the provisions

of Rule 12(b), this Court lacks jurisdiction to hear the action.

The essential facts giving rise to the controversy are these: The defendants are adverse claimants of diverse citizenship to a fund of money that is in the possession of the plaintiff. This fund has been accumulated by the plaintiff withholding certain sums from its employees' wages, pursuant to occupational and non-resident income taxes imposed by the defendant Perry Township. Lawrence W. Bailey and his fellow employees similarly situated are class defendants and, along with the defendant Perry Township, are the true parties to the controversy. It appears that this class of employee are residents of West Virginia and in order to enter the coal mine of their employer, they must cross the West Virginia-Pennsylvania border into the state of Pennsylvania and descend to their places of work through a portal located within the boundaries of the defendant Township. Once in the mine, it appears that their subterranean work activity is in both West Virginia and Pennsylvania. Pursuant to a State of Pennsylvania enabling statute, 53 P.S. Sec. 6901 et seq., the defendant Township is authorized to enact local occupational and non-resident income taxes. Under the authority of this statute the Township has imposed an annual $10 per person occupation tax and a 1% gross income tax on all persons working within the Township, applying the tax to both residents and non-residents of Pennsylvania. The defendant employees, as residents of West Virginia, claim that they are aggrieved by this tax assessment since they contend that they receive no service or benefit from the defendant Township. Furthermore, they allege that the imposition and collection of such a tax infringe upon their rights under the Fourteenth Amendment and have the effect of depriving them of their property without due process of law. Thus, as it becomes apparent from this state of facts, the real crux of the controversy is the legality of the tax and the method of its assessment on defendant Bailey and others of his class. Therefore, a judicial determination of the legality of the tax and its method of assessment will adjudicate the controversy, since once this determination is made, the plaintiff would have no difficulty in distributing the fund to the rightful owner or owners.

The plaintiff seeks to invoke the jurisdiction of this Court under the provisions of the federal interpleader statute, 28 U.S.C.A. § 1335. The relief it seeks requires this Court to inquire into and then judicially determine the issue of legality of the Pennsylvania taxing statute. In order to make such a determination, we would be required to construe Pennsylvania law about a very basic state law question—the power and authority of that state to enact and collect taxes. Such action on our part would necessitate a form of declaratory relief, that is, we would have to declare the state tax law either legal or illegal. We think this is clearly a matter better left to the Pennsylvania courts. It has been held innumerable times and is recognized as sound law that a federal court should refrain from accepting jurisdiction in order to make a declaratory judgment in a case that essentially involves the validity of a state tax. Great Lakes Dredge & Dock Co. v. Huffman, 319 U.S. 293, 63 S.Ct. 1070, 87 L.Ed. 1407 (1943); American Commuters Association, Inc. v. Levitt, 405 F.2d 1148 (2d Cir.1969); State of California v. Oroville-Wyandotte Irr. Dist., 409 F.2d 532 (9th Cir.1969); Helmsley v. City of Detroit, 320 F.2d 476 (6th Cir.1963); City of Houston v. Standard Triumph Motor Company, 347 F.2d 194 (5th Cir. 1965). Moreover, our Fourth Circuit has endorsed the view that the federal courts should abstain from passing on state law in the absence of an authoritative determination by the state court of last resort, wherein the federal constitutional issue raised might be mooted or put in a different posture by the state court's determination of pertinent state law. State Farm Mutual Automobile Ins. Co. v. Drewry, 191 F.Supp. 852

(W.D.Va.1960); affirmed, per curiam, 316 F.2d 716 (4th Cir.1963).

 With these principles in mind, we note that there are suits presently pending in the state courts of Pennsylvania, namely, the Common Pleas Court of Greene County, wherein Perry Township has sued Consolidation Coal Company to recover a judgment for the funds that are in constroversy in this action. It is also clear that under the procedures available in Pennsylvania, Lawrence W. Bailey and others of his class may intervene as parties to those suits and have their rights to the fund determined. If for some reason they did not come into the actions voluntarily, the plaintiff (defendant in the state suit) could have them brought in as indispensable third parties. Under such circumstances, we are of the opinion that our abstention is the proper course for us to pursue.

Additionally, when it appears that a party has an adequate remedy at law, interpleader, being an equitable remedy, will be denied. Preston Corp. v. Raese, 236 F.Supp. 135 (N.D.W.Va. 1964). We held in Blue v. Mathena, 259 F.Supp. 926 (S.D.W.Va.1966), that a federal court had the discretion to deny jurisdiction when a cause of action was pending in a state court and where the questions presented in the federal court are capable of proper adjudication in the state court. We envision such a situation here, especially when it appears that the Pennsylvania courts are open and receptive to the cause of action.

The further relief sought by the plaintiff—that the defendants be restrained from instituting or prosecuting any other proceeding in any state or federal court until further order of this Court—is mooted by our holding in this Memorandum.

## ORDER

For the reasons above appearing, the motion of the defendant Perry Township to dismiss the complaint for lack of jurisdiction in this court is well taken and it is hereby granted. It is, therefore, hereby

Ordered that the plaintiff's complaint and this action be, and they are, hereby dismissed.