The **EQUITABLE LIFE ASSURANCE SOCIETY OF the UNITED STATES, Plaintiff,**

v.

*Connie Jean* **COOPER, and Sarah Kathryn Bell,** formerly **Sarah Kathryn Thomas, a/k/a Sarah Kay Thomas, Defendants.**

Civ. No. 71–98.

United States District Court,
W. D. Oklahoma,
Civil Division.

July 16, 1971.

Ben L. Burdick, Oklahoma City, Okl., for plaintiff.

Robert W. Amis, Del City, Okl., for Connie Jean Cooper.

Jake Hunt, Oklahoma City, Okl., for Sarah Kathryn Bell.

ORDER

DAUGHERTY, District Judge.

The Plaintiff filed this interpleader suit, under authority of 28 U.S.C. § 1335, naming as Defendants Connie Jean Cooper, hereinafter referred to as Cooper, and Sarah Kathryn Bell, hereinafter referred to as Bell. The suit involves the proceeds of an insurance policy issued by Plaintiff and which of the two Defendants is entitled to the proceeds. The Plaintiff requests a permanent injunction against the Defendants proceeding in any State Court or in any other Federal Court, including a suit

then on file in the District Court of Oklahoma County, State of Oklahoma, concerning rights to the proceeds of said insurance policy. All three parties here were parties in the earlier filed State Court action. Plaintiff also seeks an award out of the proceeds of said policy to pay its costs and a reasonable attorney fee.

The Plaintiff had a policy on the life of Ruel B. Thomas, Jr., who died on November 22, 1970. Defendants Cooper and Bell, who are the daughter and former wife of the decedent, respectively, each made claims as beneficiaries under the policy of insurance in the amount of $4,500.00.

The State Court action was filed before this Federal interpleader suit. "Long arm service" on Defendant Bell was obtained by both courts following the same statute, 12 Okl.St.Ann. § 187. The Defendant Bell made a general entry of appearance on March 10, 1971 in the State Court. Proper service upon Equitable has been obtained in both cases. The State Court thus has all parties in Court.

An action of interpleader is equitable in nature and is governed by equitable principles. Holcomb v. Aetna Life Ins. Co., 228 F.2d 75 (Tenth Cir. 1955) cert. den. 350 U.S. 986, 76 S.Ct. 473, 100 L. Ed. 853, reh. den. 350 U.S. 1016, 76 S. Ct. 657, 100 L.Ed. 875.

Where there is an adequate remedy at law a court acting as a court of equity may decline to exercise its jurisdiction. Koehring Company v. Hyde Construction Company, 424 F.2d 1200 (Seventh Cir. 1970).

Professor Moore, who is in agreement with this position, has stated:

" * * * It should also be within the discretion of the interpleader court, sitting as a court of equity, to decline to exercise jurisdiction when there is an action pending elsewhere wherein the liability of the stakeholder to all claimants may be fairly and conclusively determined. In such a case, the fear of multiple vexation and inconsistent liability which serves as the premise for interpleader relief may be absent; this, in addition to the prior lodging of jurisdiction in another tribunal, may properly convince the interpleader court that it is both safe and prudent to stay its hand. If these conditions are met, there is no reason to believe that the interpleader statute compels the exercise of jurisdiction, thus depriving the court of the discretion traditionally exercised to deny equitable relief when there is another adequate remedy 'at law'. There is strong support for this proposition in the federal cases." 3A Moore, Federal Practice, par. 22.-16[1], at 3138 (2d Ed. 1967) and Koehring Company v. Hyde Construction Company, *supra*.

In the earlier State Court action there is an adequate remedy at law. That Court has jurisdiction of the subject matter involved and of all parties involved. The relief obtainable in this Court is no different from that obtainable in the State Court. Under the Erie Doctrine both the Federal and State courts will apply the same State law. Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188.

There are strong and compelling reasons for Federal courts to relinquish jurisdiction in favor of the State courts, where the exercise of Federal jurisdiction would unnecessarily interfere by injunction with the lawful action of State courts. Koehring Company v. Hyde Construction Company, *supra*.

The temporary injunction granted by this Court is dissolved in its entirety.

As the Plaintiff has an adequate remedy at law in the State Court action, the Plaintiff's Complaint in Interpleader filed in this Court is dismissed.