**The HOME INDEMNITY COMPANY, Appellant,**

v.

**Claude MOORE et al., Appellees.**

**No. 74–1018.**

United States Court of Appeals, Eighth Circuit.

Submitted April 18, 1974.

Decided June 13, 1974.

Rehearing Denied July 10, 1974.

Charles M. Bleil, Texarkana, Ark., for appellant.

Winford L. Dunn, Jr., Texarkana, Ark., for appellees.

Before MATTHES, Senior Circuit Judge, ROSS, Circuit Judge, and VAN PELT,* Senior District Judge.

MATTHES, Senior Circuit Judge.

This is an appeal from an order of the United States District Court for the Western District of Arkansas dismissing an interpleader action filed by the Home Indemnity Company pursuant to 28 U.S.C. § 1332 and Fed.R.Civ.P. 22.

On July 9, 1971, Laurene Maxwell Moore, a citizen and resident of Miller County, Arkansas, was fatally injured in an automobile accident in Cass County, Texas, while engaged in the furtherance of the business of her employer, also a citizen of Arkansas. Subsequent to Mrs. Moore's death, workmen's compensation claims were filed with both the Arkansas and Texas workmen's compensation commissions.

On March 14, 1973, the Texas Industrial Accident Board entered a final award granting full death benefits to the survivors of Mrs. Moore; specifically, a lump sum of $8,187.67 to her husband, Claude Moore, and a lump sum for the same amount to the three minor children of Mrs. Moore, David, Michael, and Cynthia Maxwell. In addition, funeral expenses not to exceed $500 were approved. On April 4, 1973, the Arkansas Workmen's Compensation Commission awarded Cynthia and Michael Maxwell $19.50 per week, apparently until majority. Although funeral expenses in the amount of $750 were awarded also, neither Claude Moore nor David Maxwell received any benefits under the Arkansas award.

After initiating steps in the courts of the two states to appeal each award, Home Indemnity filed this interpleader suit, alleging that it was threatened with multiple liability and asking the district court to determine which of the two awards was enforceable against it.[1]

The gist of the complaint by Home Indemnity was that due process and the full faith and credit clause protected Home Indemnity from liability on more than one of the state awards.

In response to a motion by the claimant-defendants, the district court dismissed the interpleader action for lack of subject matter jurisdiction, citing the provision in 28 U.S.C. § 1445(c) barring removal from a state court to a federal court of a civil action arising under the workmen's compensation laws of that state. As an alternative ground for dismissal, the court observed that the parties could raise the very issues underlying the interpleader complaint in the respective state courts in the course of appealing the two workmen's compensation commission awards. Home Indemnity appeals the dismissal of the suit.

Initially, we consider whether the district court was correct in holding that it was without jurisdiction because of 28 U.S.C. § 1445(c). The Supreme Court in Horton v. Liberty Mutual Ins. Co., 367 U.S. 348, 81 S.Ct. 1570, 6 L.Ed.2d 890 (1961), established that § 1445(c) cannot be extended to cases beyond the scope of the plain wording of the statute. Thus the Court in *Horton* held that the same evils § 1445(c) sought to eradicate were present in the filing of an original action in federal district court based upon the state workmen's compensation law, but the wording of the statute indicated that only removal actions were barred and that original actions in federal court concerning such claims were still allowed. 367 U.S. at 352.

As in *Horton*, this court would be forced to ignore the plain language of § 1445(c) in order to uphold application of that section's anti-removal provision to the case at bar. This follows because this suit does not possess the characteristics and effect of a removal action;

---

* ROBERT VAN PELT, Senior District Judge, District of Nebraska, sitting by designation.

1. The two state courts before which the respective appeals were pending agreed to stay further action on the appeals pending resolution of the federal interpleader litigation.

the respective state courts retain jurisdiction to fully and finally adjudicate the workmen's compensation claim before them.

Consequently, we conclude that the district court had jurisdiction under 28 U.S.C. § 1332 and Rule 22, since the parties agree that the sum in controversy exceeds $10,000 and the diversity requirement of Rule 22 is apparently met because all defendant-claimants are citizens of Arkansas and Home Indemnity, as the stakeholder, is incorporated and has its principal place of business in a state other than Arkansas. *See* 3A Moore's Federal Practice ¶ 22.04[2].

The claimants contend, however, that 28 U.S.C. § 1332(c) destroys diversity because assertedly Home Indemnity must be considered a citizen of Arkansas, since Mrs. Moore's former employer is a citizen of that state.[2] Section 1332(c), enacted in 1964, was primarily intended to eliminate the use of diversity jurisdiction to gain entry into the federal district court of Louisiana to sue in tort under that state's direct action statute, which allows an injured party to sue directly the insurer of a tortfeasor without joining the tortfeasor himself as a defendant. *See* S.Rep. No. 1308, 88th Cong., 2d Sess., 1964 U.S.Code Cong. & Admin.News, p. 2778 et seq. But the Fifth Circuit in Hernandez v. Travelers Ins. Co., 489 F.2d 721 (5th Cir. 1974), recently ruled that the provision also applied when an employee sought to sue directly the workmen's compensation insurer of his employer when employer and employee were citizens of the same state.

■ But § 1332(c) and the holding in *Hernandez* are inapposite to this interpleader action. Here we do not have a direct action against an insurer based upon tort or contract liability, but rather an interpleader suit by an insurer raising questions of full faith and credit. Indeed, no direct action statute is involved in any way. Section 1332(c) does not require on the facts of this case that Home Indemnity be considered a citizen of Arkansas for purposes of diversity jurisdiction. Cf. Horton v. Liberty Mutual Ins. Co., *supra*; 3A Moore's Federal Practice ¶ 22.04[2], at 3015–17 n. 7 (1966).

■■ Although the court erroneously held it lacked jurisdiction, we affirm the action of the court on the basis of the suggested alternative ground for dismissal; namely, that the court was not required to grant interpleader relief when the issues framed by the complaint could be adequately considered and resolved in the course of the state court proceedings already pending in Arkansas and Texas.

Interpleader is an equitable remedy. *See, e. g.,* Texas v. Florida, 306 U.S. 398, 59 S.Ct. 563, 83 L.Ed. 817 (1939); Koehring Co. v. Hyde Const. Co., 424 F.2d 1200 (7th Cir. 1970); Great American Insur. Co. v. Bank of Bellevue, 366 F.2d 289 (8th Cir. 1966). And many courts have conditioned the grant of interpleader relief upon basic equitable doctrines. *See generally* 3A Moore's Federal Practice ¶ 22.16[1]; 7 Wright & Miller, Federal Practice & Procedure § 1709.

Thus courts have declined to grant interpleader relief, or have stayed consideration of a request for such relief, when litigation in another court may obviate the need for the equitable remedy of federal interpleader. *See, e. g.,* Koehring Co. v. Hyde Const. Co., *supra*; B. J. Van Ingen & Co. v. Connolly, 225 F.2d 740 (3d Cir. 1955); Equitable Life

---

2. 28 U.S.C. § 1332(c) states in part:
   That in any direct action against the insurer of a policy or contract of liability insurance, whether incorporated or unincorporated, to which action the insured is not joined as a party-defendant, such insurer shall be deemed a citizen of the State of which the insured is a citizen, as well as of any State by which the insurer has been incorporated and of the State where it has its principal place of business.

Assur. Soc. v. Cooper, 328 F.Supp. 1126 (W.D.Okl.1971); Consolidation Coal Co. v. Bailey, 308 F.Supp. 1251 (N.D.W.Va. 1970); Flanagan v. Marvel, 94 F.Supp. 145 (D.Minn.1950), appeal dismissed, 189 F.2d 966 (8th Cir. 1951). *See also* Humble Oil & Ref. Co. v. Copeland, 398 F.2d 364 (4th Cir. 1968).

*See also* 7 Wright & Miller, Federal Practice & Procedure § 1709, at 396:

> Finally, a court may dismiss or stay an interpleader proceeding if an action already pending before another court might obviate the need for employing the interpleader remedy or eliminate the threat of multiple vexation.· This certainly would be the case if the disputed issues are likely to be resolved in the other proceeding.

In the controversy presently before us, it is apparent that Home Indemnity will have the opportunity to raise the matter of full faith and credit in the pending state court proceedings. Once a final judgment has been rendered on either the Arkansas or the Texas workmen's compensation claim and award, Home Indemnity will be able to assert in the appropriate state forum that it is protected from further liability by the full faith and credit clause—precisely the same contention it has sought to raise by this interpleader action. As the district court observed, there is no reason to assume that either the Texas or the Arkansas judiciary cannot and will not fully resolve the full faith and credit issue in light of the teachings of Magnolia Petroleum Co. v. Hunt, 320 U.S. 430, 64 S.Ct. 208, 88 L.Ed. 149 (1943); Industrial Comm. v. McCartin, 330 U.S. 622, 67 S.Ct. 886, 91 L.Ed. 1140 (1947); and other relevant cases.

In summary, we hold that the court properly declined to exercise its jurisdiction on the equitable ground that the parties' rights can be fully and fairly litigated in the state courts.[3]

## ON PETITION FOR REHEARING

## PER CURIAM.

In its petition for rehearing Home Indemnity asserts, inter alia, that our opinion in this case considerably narrows the right of a stakeholder to seek relief from multiple litigation by the use of interpleader. Such is not the case.

Initially, it should be noted that we affirmed the action of the district court upon a narrow equitable ground; namely, that an adequate remedy existed in another court of law, obviating the need for federal interpleader relief. Consequently, our opinion cannot be read as a general grant of authority to the district court to deny interpleader on the basis of a broad spectrum of grounds.

Since an equitable determination of adequacy of judicial relief should also entail a consideration of the financial and logistical burden and feasibility of requiring the parties to resolve the litigation in another court, by our opinion the district court may only decline to allow interpleader if the stakeholder in the potential interpleader suit will not thereby be denied meaningful or reasonable redress. It is therefore apparent that our opinion in this case recognizes ónly a limited exercise of discretion by the district court, and in no way can be considered to overturn the general right to interpleader relief when appropriate.

The petition for rehearing is denied.

3. In light of our ruling on the alternative grounds for dismissal, we need not consider whether the controversy between the stakeholder and claimants possesses those characteristics necessary in order for interpleader to be invoked as an appropriate remedy. *Cf.* Moore's Federal Practice ¶ 22.14 [1]–[3].