# United States Court of Appeals
### For the Eighth Circuit

———————————————

No. 19-2399

———————————————

Primerica Life Insurance Company

*Plaintiff - Appellee*

v.

Betty Jo Woodall

*Defendant*

Ila Elaine Reid

*Defendant - Appellant*

—————————

Appeal from United States District Court
for the Eastern District of Arkansas - Little Rock

—————————

Submitted: June 17, 2020
Filed: September 16, 2020

—————————

Before LOKEN and GRASZ, Circuit Judges, and PITLYK,[1] District Judge.

—————————

GRASZ, Circuit Judge.

———————————————

[1]The Honorable Sarah E. Pitlyk, United States District Judge for the Eastern District of Missouri, sitting by designation.

Primerica Life Insurance Company ("Primerica") filed an interpleader action under Federal Rule of Civil Procedure 22 in order to resolve competing claims to Garvin Reid's life insurance proceeds. The district court awarded summary judgment and the insurance proceeds to Ila Reid, Garvin's widow. But the district court granted summary judgment in favor of Primerica on Ila's counterclaim against Primerica for breach of contract stemming from the disputed life insurance policy. The district court held that Primerica's interpleader action was proper, and therefore Primerica's decision to file an interpleader rather than deciding between adverse claimants could not give rise to a breach-of-contract claim. Ila now appeals the dismissal of her counterclaim. We remand for further proceedings consistent with this opinion.

## I. Background

In 1986 Garvin Reid purchased a life insurance policy with Primerica, and named his wife Betty Jo Reid as the principal beneficiary. The couple's four children were designated as the contingent beneficiaries. Garvin and Betty Jo divorced six years later in 1992. Garvin then married Ila Elaine the following year.

In October 2001, Garvin contacted Primerica to confirm the identity of the policy beneficiary. Primerica confirmed Betty Jo Reid was still the policy's beneficiary. Six months later, Primerica mailed a "Multipurpose Change Form" to Garvin at his request. Garvin and Ila filled out and signed the "Name Change" and "Change Beneficiary" portions of the Multipurpose Change Form and sent it back to Primerica.

When Primerica received the form from the Reids, it sent a response to Garvin in May 2002 informing him Primerica would need additional legal paperwork in order to process his request. Primerica never received a response from Garvin to this May 2002 letter. Because no response or additional paperwork was sent back, Primerica

maintains that it did not change the insured spouse or the principal beneficiary designation in its system after receiving Garvin's change form.

Garvin died on August 11, 2016. And on August 16th an adjuster at Primerica conducted an initial review of Garvin's life insurance claim, concluding Betty Jo Reid and Ila Elaine Reid were the same person — i.e., that Betty Jo had changed her name to Ila — based on the 2002 Name Change form. Primerica sent Ila a condolence letter and claim form that day. However, on August 17th, a Primerica regional agent informed the company that Betty Jo and Ila were not the same person, and that Betty Jo Reid was still listed as the beneficiary. Primerica then undertook a second review of the claim and found that the 2002 Multipurpose Change Form had never been processed and that Betty Jo was indeed still listed as the policy's beneficiary. Accordingly, Primerica sent a condolence letter and claim form to Betty Jo. Both Betty Jo and Ila submitted written claims of entitlement to the life insurance proceeds.

Primerica brought an interpleader action naming Betty Jo and Ila as defendants. Betty Jo and Ila both moved for summary judgment, each arguing she was entitled to the insurance proceeds and each raising counterclaims against Primerica. Ila counterclaimed for breach of contract, seeking damages, a statutory penalty under Ark. Code Ann. § 23-29-208, and attorney's fees and costs under Ark. Code Ann. § 16-22-308. The district court granted Ila's motion for summary judgment, awarding her the insurance proceeds. But the district court granted Primerica's motion for summary judgment against Ila's counterclaim, finding Primerica could not be held liable for properly initiating an interpleader action. The only issue on appeal is the counterclaim.

## II. Analysis

We review the decision of a district court to grant summary judgment de novo. *Prudential Ins. Co. v. Hinkel*, 121 F.3d 364, 366 (8th Cir. 1997). And "the Court

views the facts in the light most favorable to the nonmoving party and allows that party the benefit of all reasonable inferences to be drawn from the evidence." *Id.*

The parties argue that if the federal interpleader action was proper, then the counterclaim for breach of contract triggering statutory damages necessarily fails. We will assume, without deciding, that this would be the proper outcome under Arkansas law, leaving the resolution of this important question to another court[2] where the question is properly raised. The question presented to this court, however, is simply whether Primerica's interpleader action was proper under federal procedural law — specifically, under Rule 22 of the Federal Rules of Civil Procedure — so as to shield Primerica from further liability to Ila for counterclaims.[3] *See Erie R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938); *see also* 7 Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, *Federal Practice and Procedure* § 1704 (3d ed. 1998) ("Interpleader . . . affords a party . . . a procedure to settle the controversy and satisfy [the property holder's] obligation in a single proceeding.").

There is limited Eighth Circuit precedent discussing Rule 22 interpleader actions. And the universe of intra-circuit precedent further dwindles when looking for authority on the propriety of an interpleader action. However, our precedent is clear that "[i]nterpleader is an equitable action controlled by equitable principles." *Great Am. Ins. Co. v. Bank of Bellevue*, 366 F.2d 289, 293 (8th Cir. 1966). As such, "many courts have conditioned the grant of interpleader relief upon basic equitable doctrines," *Home Indem. Co. v. Moore*, 499 F.2d 1202, 1205 (8th Cir. 1974),

---

[2]Appellant does not argue on appeal that her claims are independent of Primerica's failure to resolve the controversy over the life insurance proceeds in her favor. *Lee v. West Coast Life Ins. Co.*, 688 F.3d 1004, 1011 (9th Cir. 2012) (finding "where the stakeholder may be *independently* liable to one or more claimants, interpleader does not shield the stakeholder from [liability]") (emphasis added).

[3]In addition to Rule 22 interpleader, there are also statutory interpleader actions governed by 28 U.S.C. § 1335. Statutory interpleader is not at issue here.

including that "one seeking equitable relief must do equity and come into court with clean hands." *Great Am.*, 366 F.2d at 293. The equitable doctrine of "clean hands" does not "demand that its suitors shall have led blameless lives," but "it does require that they shall have acted fairly," in the matters at hand. *Precision Instrument Mfg. Co. v. Auto. Maint. Mach. Co.*, 324 U.S. 806, 814 (1945) (internal quotation omitted).

This principle must be applied cautiously, mindful that interpleader "should be permitted liberally." *Douglas-Guardian Warehouse Corp. v. Ramy Seed Co.*, 271 F.2d 24, 28 (8th Cir. 1959).

The Third Circuit explained in *Prudential Insurance Company of America v. Hovis*, that "[i]t is a general rule that a party seeking interpleader must be free from blame in causing the controversy, and where he stands as a wrongdoer with respect to the subject matter of the suit . . ., he cannot have relief by interpleader." 553 F.3d 258, 263 (3d Cir. 2009) (omission in original) (quoting *Farmers Irrigating Ditch & Reservoir Co. v. Kane*, 845 F.2d 229, 232 (10th Cir. 1988)). The *Hovis* decision has been cited favorably by the Fifth, Ninth, and Eleventh Circuits. *See Lee v. W. Coast Life Ins. Co.*, 688 F.3d 1004, 1014 (9th Cir. 2012) ("*Hovis* is consistent with the general principles of interpleader, namely, that a disinterested stakeholder may not be subjected to liability for its failure to resolve the controversy over entitlement to the stake in one claimant's favor . . . ."); *Berry v. Banner Life Ins. Co.*, 718 F. App'x 259, 262 (5th Cir. 2018); *Klayman v. Judicial Watch, Inc.*, 650 F. App'x 741, 743 (11th Cir. 2016). We generally agree with *Hovis*, although its use of the word "blameless" is not necessarily consistent with our explication of equitable principles requiring only that the party asserting interpleader acted "fairly" in the matter at hand. Thus we hold that if the party asserting the right to interpleader, here Primerica, has acted unfairly to create the underlying conflict necessitating interpleader relief, then that party may not use the interpleader procedure as a shield against counterclaims asserting that the interpleader stakeholder is at fault in creating the subject of the dispute.

Here, as in *Hovis*, neither party disputes that, when Primerica filed the interpleader action, there were two competing claims for the insurance proceeds of Garvin's policy. Instead, the crux of the disagreement is whether Primerica is at fault for allowing the dispute between Ila and Betty Jo to "get to that point." *Hovis*, 553 F.3d at 263. The district court came to no conclusion as to the "fault" inquiry here. But there is an active dispute on appeal regarding whether the competing claims to Garvin's insurance proceeds arose because of Primerica's failure to process the 2002 Multipurpose Change Form or because of Garvin's failure to respond when Primerica sought more information in 2002. The resolution of this fault dispute will ultimately determine whether Primerica is entitled to defeat Reid's counterclaims at the summary judgement stage.

## III. Conclusion

Because there is a legitimate dispute over the question of fault in creating the competing claims to Garvin's life insurance proceeds, and because our circuit precedent has not previously required a fault determination in the interpleader context, we remand for a fault determination by the district court and further proceedings consistent therewith.

_____