**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| METAL JEANS, INC., a Nevada corporation,<br><br>*Plaintiff-Appellant*,<br><br>v.<br><br>METAL SPORT, INC.; DOES, 1–50,<br>*Defendants-Appellees*,<br><br>and<br><br>ANO VELI SAMUEL TURTIAINEN,<br>*Defendant.* | No. 19-55923<br><br>D.C. No.<br>2:15-cv-08987-<br>DDP-RAO<br><br><br>OPINION |

Appeal from the United States District Court
for the Central District of California
Dean D. Pregerson, District Judge, Presiding

Argued and Submitted August 11, 2020
Pasadena, California

Filed February 16, 2021

Before: Kim McLane Wardlaw and Lawrence VanDyke,
Circuit Judges, and Timothy Hillman,[*] District Judge.

Opinion by Judge VanDyke

---

[*] The Honorable Timothy Hillman, United States District Judge for
the District of Massachusetts, sitting by designation.

**SUMMARY**[**]

**Trademark**

The panel affirmed in part and reversed in part the district court's grant of summary judgment in favor of the defendant and remanded in a trademark infringement action.

Metal Jeans, Inc., an apparel brand and owner of the non-stylized trademark "METAL," brought an infringement claim against Metal Sport, Inc., a powerlifting brand with a similar but stylized mark. The district court denied both parties' motions for summary judgment on the merits but granted Metal Sport's separate motion, concluding that Metal Jeans came before the court with unclean hands. In doing so, the district court rejected Metal Jeans' counter-defense that Metal Sport, too, acted with unclean hands.

The panel held that when reviewing a grant of summary judgment on an unclean hands defense in a trademark infringement case, the correct standard of review is abuse of discretion.

In a separate memorandum disposition, the panel concluded that district court improperly granted summary judgment against Metal Jeans.

---

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

**COUNSEL**

Stanley M. Gibson (argued) and Lauren E. Babst, Jeffer Mangels Butler & Mitchell LLP, Los Angeles, California, for Plaintiff-Appellant.

Yuval H. Marcus (argued), Cameron S. Reuber, and Lori L. Cooper, Leason Ellis LLP, White Plains, New York, for Defendants-Appellees.

**OPINION**

VANDYKE, Circuit Judge:

Metal Jeans, Inc., an apparel brand and owner of the non-stylized trademark "METAL," brought an infringement claim against Metal Sport, Inc., a powerlifting brand with a similar but stylized mark. Before the district court, both parties sought summary judgment on whether Metal Sport's use of the stylized mark on certain apparel creates a likelihood of consumer confusion. Metal Sport additionally sought summary judgment on whether Metal Jeans was barred from pressing its infringement claim by the equitable doctrine of unclean hands. The district court denied both parties' merits motions because material facts remained in dispute. But the court granted Metal Sport's separate motion, concluding that Metal Jeans came before the court with unclean hands. In doing so, the district court rejected Metal Jeans' counter-defense that Metal Sport, too, acted with unclean hands. Metal Jeans appealed only the unclean hands judgment, so we must decide whether the district court properly granted summary judgment on that basis.

In a separate memorandum disposition filed simultaneously with this opinion, we conclude that the district court improperly granted summary judgment against Metal Jeans. We write here to resolve an issue of first impression: the standard of review we employ when a district court concludes that a party has acted with unclean hands.

## I.

Gary Topolewski is the owner of Metal Jeans and the former president and owner of Topolewski America, Inc. ("TA"). In 1990,[1] Topolewski began selling METAL-branded clothing and initially marketed these products through hard-rock music magazines. Over the years, Metal Jeans has promoted its apparel to a variety of consumer segments, including motorcyclists, skaters, snowboarders, lumberjacks, "head-bangers," and (naturally) those who "drop[] napalm on the enemy."

TA obtained the METAL mark for use on jeans, shirts, and boots in 1999. In 2005, Topolewski told the U.S. Patent and Trademark Office ("PTO") that TA had continuously used the METAL mark on jeans, shirts, and boots since 1999. That turned out to be untrue—as to boots—and in a separate 2008 proceeding, Topolewski's false statement led the PTO to cancel TA's registration of the METAL mark. Topolewski immediately reapplied for the mark, but this time, through Metal Jeans. Metal Jeans obtained the METAL registration in 2013.

Metal Sport, on the other hand, is the exclusive licensee of a stylized "METAL" mark featuring a blocky, rough-

---

[1] Metal Sport disputes Topolewski's alleged first use date.

edged font. Owned by retired Finnish powerlifter Ano Turtiainen, the mark is Turtiainen's own creation. He drew the stylized mark sometime around 1997 and thereafter began selling specialized powerlifting apparel, gear, and accessories featuring his design. Turtiainen registered the stylized mark in August 2016.

Metal Jeans filed this trademark infringement suit in 2015, alleging that Metal Sport's use of its stylized mark creates a likelihood of consumer confusion. Both parties moved for summary judgment, and on July 9, 2019, the district court granted Metal Sport's motion based on the affirmative defense that Metal Jeans came before the court with unclean hands. Metal Jeans' timely appeal followed.

## II.

"We review a district court's grant of summary judgment in a trademark infringement claim de novo, with all reasonable inferences drawn in favor of the non-moving party." *Yellow Cab Co. of Sacramento v. Yellow Cab of Elk Grove, Inc.*, 419 F.3d 925, 927 (9th Cir. 2005). "Summary judgment is appropriate when, viewing the evidence in the light most favorable to the non-movant, there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law." *Frudden v. Pilling*, 877 F.3d 821, 828 (9th Cir. 2017). "This court does not weigh the evidence or determine the truth of the matter, but only determines whether there is a genuine issue for trial." *Balint v. Carson City*, 180 F.3d 1047, 1054 (9th Cir. 1999). Factual questions related to the defense of unclean hands "may only be resolved on summary judgment if the evidence presented by both sides would permit the trier of fact to come to only one conclusion." *Japan Telecom, Inc. v. Japan Telecom Am. Inc.*, 287 F.3d 866, 871 (9th Cir. 2002).

Here, however, the district court granted summary judgment solely on Metal Sport's unclean hands defense, not on the trademark infringement claim. The parties therefore predictably disagree as to whether we should review that decision de novo or for abuse of discretion. We have not squarely addressed whether, when reviewing a grant of summary judgment on an unclean hands defense in a trademark infringement case, abuse of discretion is the correct standard of review.

The doctrine of unclean hands arises in equity, and we generally review a district court's grant of equitable relief for abuse of discretion. *See Williams v. Gaye*, 895 F.3d 1106, 1130 (9th Cir. 2018) (citing *Traxler v. Multnomah County*, 596 F.3d 1007, 1014 n.4 (9th Cir. 2010)). In two trademark cases where we reviewed district courts' unclean hands decisions at summary judgment, neither specified the standard of review it was applying. *See Japan Telecom*, 287 F.3d at 871; *Jarrow Formulas, Inc. v. Nutrition Now, Inc.*, 304 F.3d 829, 842 (9th Cir. 2002). Our cases have reviewed district courts' application of *other* equitable doctrines for abuse of discretion. *See Seller Agency Council, Inc. v. Kennedy Ctr. for Real Est. Educ., Inc.*, 621 F.3d 981, 986 (9th Cir. 2010) ("[T]he application of the equitable doctrine of acquiescence is … reviewed for abuse of discretion."); *Pinkette Clothing, Inc. v. Cosmetic Warriors Ltd.*, 894 F.3d 1015, 1021 n.2 (9th Cir. 2018) (reviewing a district court's application of laches for abuse of discretion). While *Seller Agency Council* stated that "[t]he application of the equitable doctrine of unclean hands is … reviewed for abuse of [] discretion," 621 F.3d at 986, it didn't actually review the district court's finding of unclean hands; that case reviewed only the effect of that finding on the unclean party's ability to raise its own equitable defense, *id.* at 986–87. *Pinkette* reviewed a district court's decision *not* to apply

unclean hands for abuse of discretion.  894 F.3d at 1029 (citing *TransWorld Airlines, Inc. v. Am. Coupon Exch., Inc.*, 913 F.2d 676, 694 (9th Cir. 1990) (affirming the district court's rejection of the unclean hands defense, "to whose discretion the matter was committed")).

We think it a modest and obvious step to extend these previous holdings to the present situation.  Thus, the appropriate standard of review of a district court's determination to grant summary judgment on the affirmative defense of unclean hands is abuse of discretion.  But, even so, we still "'review certain aspects of the district court's decision,' such as 'whether the district court inappropriately resolved any disputed material facts in reaching its decision,' under the de novo standard that traditionally governs summary judgment review." *In re Beaty*, 306 F.3d 914, 921 (9th Cir. 2002) (quoting *Jarrow Formulas, Inc.*, 304 F.3d at 833–34).

As discussed in the simultaneously filed memorandum disposition, the district court erroneously construed the evidence and its inferences in the movant's—rather than the non-movant's—favor, and thereby inappropriately resolved disputed facts.  We accordingly **AFFIRM IN PART**, **REVERSE IN PART**, and **REMAND** for proceedings consistent with this opinion and the relevant memorandum disposition.