# United States Court of Appeals

### For the Eighth Circuit

_____

No. 21-1263

_____

Primerica Life Insurance Company

*Plaintiff - Appellee*

v.

Betty Jo Woodall

*Defendant*

Ila Elaine Reid

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Eastern District of Arkansas

_____

Submitted: January 12, 2022
Filed: July 1, 2022

_____

Before LOKEN, GRUENDER, and GRASZ, Circuit Judges.

_____

GRASZ, Circuit Judge.

Ila Reid appeals the district court's[1] summary judgment dismissal of her breach of contract claim against Primerica Life Insurance Company ("Primerica"). Ila brought her claim after Primerica filed an interpleader action to resolve competing claims to her late husband Garvin Reid's life insurance beneficiary proceeds. She contends that Primerica acted unfairly in multiple ways to create the controversy and thus the district court should not have permitted Primerica to use interpleader as a shield against her breach of contract claim. We affirm the district court's summary judgment order in favor of Primerica.

## I. Background

This is the second time this appeal has come before us. *See Primerica Life Ins. Co. v. Woodall*, 975 F.3d 697, 698 (8th Cir. 2020). We need not recite all the facts here. A brief summary will suffice.

The genesis of the competing claims arose when Garvin tried to change via a "multipurpose change form" the beneficiary on his life insurance policy from Betty Jo Woodall, his ex-wife, to his new wife Ila. Garvin mistakenly completed the "Name Change" portion of the form in addition to the "Change Beneficiary" section, causing Primerica to request further information from Garvin. Garvin never responded. Following Garvin's death, Primerica mailed claim forms to both Ila and Betty Jo. Both women submitted written claims of entitlement to the life insurance proceeds, after which Primerica brought an interpleader action under Federal Rule of Civil Procedure 22. Ila filed a counterclaim against Primerica for breach of contract, which was based on a theory that Primerica failed to pay the proceeds in a timely manner or perform its obligations in good faith.[2]

---

[1]The Honorable Susan Webber Wright, United States District Judge for the Eastern District of Arkansas.

[2]Ila does not argue that her claims are in any way independent of Primerica's resolution of the controversy over the life insurance proceeds. *See Lee v. W. Coast Life. Ins. Co.*, 688 F.3d 1004, 1011 (9th Cir. 2012) (finding "where the stakeholder

The district court awarded Ila the insurance proceeds by granting her motion for summary judgment as to the policy proceeds. However, the district court also granted Primerica's motion for summary judgment, dismissing Ila's counterclaim for breach of contract. On appeal, we remanded the case to the district court so that it could make a determination of fault as it related to whether Primerica had "unclean hands" and consequently could not take advantage of an interpleader. *See Woodall*, 975 F.3d at 700. On remand, the district court once again granted summary judgment in favor of Primerica.

## II. Analysis

Ila argues the district court should have held that Primerica's unclean hands prevented it from using interpleader as a shield against liability. "We review the district court's decision to deny an equitable defense for an abuse of discretion."[3] *Lawn Managers, Inc. v. Progressive Lawn Managers*, 959 F.3d 903, 911 (8th Cir. 2020); *see Precision Instrument Mfg. Co. v. Auto. Maint. Mach. Co.*, 324 U.S. 806,

---

may be independently liable to one or more claimants, interpleader does not shield the stakeholder from tort liability").

[3]We typically review de novo a summary judgment order and will affirm the grant of summary judgment "only where 'there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *A.I.G. Agency, Inc. v. Am. Int'l Grp., Inc.*, 33 F.4th 1031, 1034 (8th Cir. 2022) (quoting Fed. R. Civ. P. 56(a)). However, we have used a two-prong standard to review a summary judgment order that requires consideration of an equitable defense. *See id.* (applying a two-prong standard to the grant of summary judgment based on the defense of laches). Under this standard, we review de novo whether there are any genuine disputes of material fact, and we then review the district court's application of the equitable defense to the undisputed facts for abuse of discretion. *Id.*; *see also Metal Jeans, Inc. v. Metal Sport, Inc.*, 987 F.3d 1242, 1245 (9th Cir. 2021) (applying the same standard to review a district court's grant of summary judgment based on the affirmative defense of unclean hands). Here, we do not detect any *material* facts in dispute. Instead, this appeal turns on whether the district court abused its discretion in deciding that the doctrine of unclean hands did not apply.

814–15 (1945) (explaining that courts have "considerable discretion" in determining whether conduct rises to the level of unfairness).

We previously explained that "[t]he equitable doctrine of 'clean hands' does not 'demand that its suitors shall have led blameless lives,' but 'it does require that they shall have acted fairly,' in the matters at hand." *Woodall*, 975 F.3d at 700 (quoting *Precision Instrument*, 324 U.S. at 814). And for the doctrine to apply, the offending acts typically must be *willful*. *See Lawn Managers*, 959 F.3d at 912 (citing same); *Royal Sch. Lab'ys, Inc. v. Town of Watertown*, 358 F.2d 813, 817 n.3 (2d Cir. 1966) (holding a mere negligent failure by the plaintiff did not create unclean hands so as to prevent the filing of an interpleader action); *William Penn Life Ins. Co. of N.Y. v. Viscuso*, 569 F. Supp. 2d 355, 363 (S.D.N.Y. 2008) (explaining "mere negligence on the part of the stakeholder does not bar interpleader, even if the controversy has resulted quite directly and foreseeably from that negligence"). In *Prudential Insurance Company of America v. Hovis*—a case Ila heavily relied on in her first appeal to urge the court to apply the clean hands doctrine—the Third Circuit explained "the rule that bars a party from obtaining interpleader relief when it caused the underlying controlling controversy is not geared toward [a] situation . . . [] in which the stakeholder's own errors are responsible for the ownership dispute[]." 553 F.3d at 258, 263 n. 4 (3d Cir. 2009). "Rather, that rule is meant to prevent a tortfeasor, facing claims from multiple parties, from using the interpleader device to cap liability." *Id.*

Applying these principles, the district court thoroughly analyzed the record and concluded the undisputed facts showed Primerica and Garvin "share[d] fault in the events that [led] to the competing claims between Betty Jo and Ila[.]" The district court recognized that while Primerica's "missteps" contributed to causing competing claims, there was no evidence Primerica acted in "bad faith" or otherwise "transgress[ed] equitable standards of conduct." Thus, the district court determined Primerica was entitled to summary judgment on Ila's breach of contract claim. The district court did not abuse its discretion when making this decision.

## III. Conclusion

We affirm the judgment of the district court.

_____