NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 8 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| UNITED SPECIALTY INSURANCE COMPANY,<br><br>　　　　Plaintiff-Appellee,<br><br>v.<br><br>SIAVOSH BANIHASHEMI, AKA Sia Bani,<br><br>　　　　Defendant-Appellant,<br><br>and<br><br>BANI AUTO GROUP, INC.; et al.,<br><br>　　　　Defendants. | No.　21-17042<br><br>D.C. No. 5:18-cv-01649-BLF<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
Beth Labson Freeman, District Judge, Presiding

Argued and Submitted January 27, 2023
San Francisco, California

Before:　GOULD, RAWLINSON, and BRESS, Circuit Judges.

---

[*]　This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Siavosh Banihashemi (Bani) appeals the district court's summary judgment order holding him jointly and severally liable for reimbursement of the cost of the settlement that United Specialty Insurance Company (United Specialty) reached on behalf of Bani, Bani Auto Group, Inc. (Bani Auto), and Club Sportiva, Inc. (Club Sportiva) (collectively, the "Bani Defendants") in a wrongful death action.

"We review the district court's grant of summary judgment de novo. . . ." *Bliss Sequoia Ins. & Risk Advisors, Inc. v. Allied Prop. & Cas. Ins. Co.*, 52 F.4th 417, 419 (9th Cir. 2022) (citation omitted). "Summary judgment is appropriate when, viewing the evidence in the light most favorable to the non-movant, there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. . . ." *Metal Jeans, Inc. v. Metal Sport, Inc.*, 987 F.3d 1242, 1244 (9th Cir. 2021) (citation and internal quotation marks omitted).

On the record before the district court, United Specialty was not entitled to summary judgment as a matter of California law. *See id.* In California, an "insurer seeking recovery against the insured for expenditures in settling a case when the claims were not covered should allocate those expenditures among the insureds." *Axis Surplus Ins. Co. v. Reinoso*, 208 Cal.App.4th 181, 195 (2012). The burden of proving allocation is "squarely on insurers asserting claims for reimbursement."

*LA Sound USA, Inc. v. St. Paul Fire & Marine Ins. Co.*, 156 Cal.App.4th 1259, 1273 (2007).

Although a finding of joint and several liability may ultimately be appropriate for all three Bani Defendants, the record before us reflects the existence of a material issue of fact regarding allocation of the settlement amount among the insureds. *See Axis Surplus*, 208 Cal.App.4th at 195. Neither Bani's deposition testimony that he is an officer and owner of Bani Auto and Club Sportiva, nor the fact that Bani acquiesced in United Specialty's settlement of the underlying actions, is sufficient to establish that United Specialty engaged in "a detailed analysis of how the indemnity costs were spent," as required under California law. *LA Sound*, 156 Cal.App.4th at 1273. Nor is there evidence in this record to support an inference that Bani would be jointly and severally liable in the underlying action as a joint tortfeasor or as an alter ego of the other Bani Defendants. *See Cam-Carson, LLC v. Carson Reclamation Auth.*, 82 Cal.App.5th 535, 549 (2022) (stating the "unity of interest and ownership" and "inequitable result" requirements of the alter ego doctrine) (citation omitted).

Accordingly, we **VACATE** the district court's award of summary judgment in favor of United Specialty. We **REMAND** for further proceedings, which may include additional factual development, on the question of whether Bani is jointly

and severally liable as a joint tortfeasor or as an alter ego of the other Bani Defendants.