NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JUL 2 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RALPH PETERSON, M.D., | No. 23-2911 |
| Plaintiff - Appellant, | D.C. No. 3:21-cv-04908-WHO |
| v. | |
| SUTTER MEDICAL FOUNDATION; SUTTER BAY HOSPITALS, DBA ALTA BATES SUMMIT MEDICAL CENTER; EDEN MEDICAL CENTER; SUTTER EAST BAY MEDICAL FOUNDATION; NEIL STOLLMAN; ROD PERRY; PHILLIP RICH; CATHY LOZANO; KRISTINA LAWSON; HOWARD KRAUSS; RANDY HAWKINS; RICHARD FANTOZZI; HEDY CHANG; DEV GNANEDEV; RONALD LEWIS; LAURIE ROSE LUBIANO; ASIF MAHMOOD; RICHARD THORP; ESERICK WATKINS; FELIX YIP; DENISE PINES; SHARON LEVINE; EVELYN SCHIPSKE; JAMIE WRIGHT; LINDA WHITNEY; SUTTER BAY MEDICAL FOUNDATION; PHILIP RICH, | MEMORANDUM* |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Northern District of California

_____

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

William Horsley Orrick, District Judge, Presiding

Submitted June 6, 2025[**]
San Francisco, California

Before: CALLAHAN and LEE, Circuit Judges, and RASH, District Judge.[***]

Ralph Peterson is an African American physician who treated mostly indigent and under-served patients in Oakland, California. In 2009, when his practice consisted primarily of endoscopic procedures performed at an outpatient clinic, he resigned his hospital consultation privileges with Summit Hospital over a disagreement about providing physician coverage for his patients who were admitted to the hospital. In June 2021, after the unsealing of a whistleblower suit (the "Qui Tam action") against Sutter Medical Foundation ("Sutter") alleging that Sutter had paid kickbacks to doctors that referred patients to Sutter, Peterson filed this lawsuit against the Medical Board of California ("MBC"), some of its personnel, Sutter, and several doctors that worked for Sutter. Peterson alleged federal civil rights violations, federal antitrust violations, and violations of California law. The District Court dismissed Peterson's claims against the MBC and its members as barred under the Eleventh Amendment and qualified immunity,

---

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Scott H. Rash, United States District Judge for the District of Arizona, sitting by designation.

struck Peterson's state-law claims against Sutter and its doctors under California's anti-SLAPP statute (and awarded attorneys' fees), and granted summary judgment for the defendants on Peterson's First Amendment and Due Process claims finding that there was no evidence in the record to support his claims.

We review de novo issues concerning immunity, statute of limitations, dismissal, motions to strike, and summary judgment. *See Buckles v. King County*, 191 F.3d 1127, 1132 (9th Cir. 1999) (immunity); *Mann v. Am. Airlines*, 324 F.3d 1088, 1090 (9th Cir. 2003) (statute of limitations); *Naffe v. Frey*, 789 F.3d 1030, 1035 (9th Cir. 2015) (dismissal); *Vess v. Ciba–Geigy Corp. USA*, 317 F.3d 1097, 1102 (9th Cir. 2003) (motion to strike); *Metal Jeans, Inc, v. Metal Sport, Inc.*, 987 F.3d 1242, 1245 (9th Cir. 2021) (summary judgment). The attorney fee award is reviewed for abuse of discretion. *Welch v. Metro. Life Ins. Co.*, 480 F.3d 942, 945 (9th Cir. 2007). The District Court's rulings are affirmed.

1. Peterson has not shown that the District Court erred in holding that the MBC was entitled to sovereign immunity. Peterson does not contest that the MBC is a California government agency. Rather, he argues that his claims against it are contract claims, which are not subject to immunity. This argument is unpersuasive. Under the Eleventh Amendment, a federal court cannot "entertain a suit brought by a citizen against his own state." *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98 (1984).

2. Peterson has not shown that the District Court erred in granting the MBC members immunity. Peterson alleges that members made false statements to insurance companies and credentialing committees causing him to be denied physician provider status. He contends that these are not quasi-judicial activities and are not entitled to absolute immunity, citing *Mishler v. Clift*, 191 F.3d 998 (9th Cir. 1999). *Mishler*, which concerned the Nevada Board of Medical Examiners, is inapposite because under California law, the MBC and its members are required "to publish information about enforcement actions initiated while an individual is licensed to practice medicine in California, and to correct those disclosures when new information becomes available." *Fulton v. Med. Bd. of Cal.,* 183 Cal. App. 4th 1510, 1517 (2010). While California Business & Professional Code § 805(i) requires that an 805 Report be maintained electronically for three years, this does not, as Peterson contends, mean that information may not be disseminated after three years. Moreover, even if the members are not entitled to absolute immunity, they are entitled to qualified immunity because, in light of the MBC's obligation to disseminate information about California-licensed physicians, the members had no reason to believe their conduct was unlawful. *See Newell v. Sauser*, 79 F.3d 115, 117 (9th Cir. 1996).

3. Peterson has not shown that the District Court erred in finding that Peterson's claims are time-barred. The statute of limitations on the antitrust claims

is four years, *see* 15 U.S.C. § 15b, and the statute of limitations on Peterson's First Amendment and Due Process claims is two years from the accrual date. *See Bonelli v. Grand Canyon Univ.,* 28 F.4th 948, 951 (9th Cir. 2022) (holding the statute of limitations for federal civil rights claims is governed by the forum state's statute of limitations for personal injury actions); *see* Cal. Code Civ. Proc. § 355.1. The claim accrues "when the plaintiff knows or has reason to know of the injury which is the basis of the action." *Bonelli*, 28 F.4th at 952.

Peterson filed this action more than four years after his 2009 resignation. Peterson argues, however, that the time for filing was extended under the delayed discovery doctrine, the continuing violations doctrine, the continuing accrual doctrine, and equitable tolling. None of these exceptions apply to Peterson's claims arising from his 2009 resignation as he clearly knew of his injury then, even if he did not know all the reasons for the injury. *See id*.

4. Peterson has not shown that the District Court erred in dismissing his state claims against the Sutter defendants under California's anti-SLAPP statute. The California anti-SLAPP statute is "designed to protect defendants from meritless lawsuits that might chill the exercise of their rights to speak and petition on matters of public concern." *Bonni v. St. Joseph Health Sys.*, 11 Cal. 5th 995, 1008-09 (2021) ("*Bonni I*"). *Bonni I* holds that resolution "of an anti-SLAPP motion involves a two-step process." *Id*. at 1009. It explained that "[f]irst, 'the

moving defendant bears the burden of establishing that the challenged allegations or claims "aris[e] from" protected activity in which the defendant has engaged'" and "[s]econd, for each claim that does arise from protected activity, the plaintiff must show the claim has at least 'minimal merit.'" *Id*. (quoting *Park v. Bd. of Tr. of Cal. State Univ.*, 2 Cal. 5th 1057, 1061 (2017) (first and third alterations added, second alteration in original)). *Bonni I* concludes that if "the plaintiff cannot make this showing, the court will strike the claim." *Id*.

Peterson argues that the allegedly false statements to insurance companies and credentialing committees are not privileged communications by state actors because the official disciplinary proceedings had long since concluded and are too attenuated from broad public health issues to be covered by California Code of Civil Procedure § 425.16(e)(4). He further asserts that a claim-by-claim analysis shows that not all claims are covered by the anti-SLAPP statute, and that allegations of illegal conduct are excluded from anti-SLAPP protection.

Peterson's assertions are not persuasive. *Yang v. Tenet Healthcare Inc.*, 48 Cal. App. 5th 939, 947-548 (2020), held that private and public communications concerning a licensed physician's professional skills are a public issue. *Bonni v. St. Joseph Health Sys.*, 83 Cal. App. 5th 288, 300-01 (2022) ("*Bonni II*"), held that the litigation privilege is not limited to statements made during the proceedings, extends to steps taken afterwards, and such communications are "absolutely

privileged under Civil Code 47, even if they were 'improperly motivated.'" Thus, the communications are the type covered by the anti-SLAPP statute. In addition, Peterson's assertion of illegality fails as this exception only applies "if a 'defendant concedes, or the evidence conclusively establishes, that the assertedly protected speech or petition activity was illegal as a matter of law.'" *Birkner v. Lam*, 156 Cal. App. 4th 275, 285 (2007) (quoting *Flatley v. Mauro*, 39 Cal. 4th 299, 320 (2006)). Peterson offered no evidence that any communication by the defendants was criminal.[1]

5. Peterson has not shown that the District Court erred in granting summary judgment against him on his First Amendment and Due Process claims. Peterson seeks to convert his objections to his resignation in 2009 into some type of claim on behalf of his "indigent and under-served patients." He alleges that "each time Sutter received a kickback, upcoded, or steered patients to maximize the receipt of funds from the MediCal pool he was injured because the pool was nearly dry and his patients did not get enough care."

This approach is not persuasive. First, the District Court found there was no factual basis for the claim. It explained: (a) the Qui Tam action contains allegations, not evidence, and the case was settled with no admission of liability,

---

[1] The determination that Peterson has not shown that the District Court erred in granting the anti-SLAPP motion disposes of his challenges to the attorney fee award as he did not otherwise challenge the award.

23-2911

(b) the Qui Tam action alleged Sutter paid external doctors for referring patients to Sutter, but Peterson alleged Sutter paid its doctors to refer indigent patients out, and (c) there was no evidence of the alleged kickbacks to Sutter doctors. Peterson proffers no contrary evidence, nor does he address how the alleged harm to his patients harmed him or how he has standing to represent his patients.

Second, Peterson's assertion that the Sutter defendants acted under color of state law fails as the District Court found that the peer review proceedings were initiated to address patient safety issues and there was no evidence that the Sutter defendants had any role in the MBC's investigation or evidence of retaliation. *See Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 283-84 (1977). Third, Peterson's First Amendment retaliation claim fails because there is no evidence that Peterson informed the Sutter defendants that his objections were made on behalf of the poor and indigent, and thus, he has not shown a causal connection to constitutionally "protected speech." *See Nieves 23 v. Bartlett*, 587 U.S. 391, 398 (2019). Finally, Peterson's Due Process claim fails because he does not address the District Court's finding of no evidence of a lack of required process and he does not indicate what arguments he was precluded from making.

The District Court's orders dismissing certain defendants and granting summary judgment against Peterson on the remaining defendants are **AFFIRMED**.

23-2911